FILED
CLERK, U.S. DISTRICT COURT

SEP - 9 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNOULD THOMAS, | NO. CV 08-8183-VAP(E) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS, |
| LARRY SMALL, Warden, | CONCLUSIONS AND RECOMMENDATIONS |
| Respondent. | OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _Sept. 2_____, 2009.

_[signature]_
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNOULD THOMAS,<br><br>        Petitioner,<br><br>   v.<br><br>LARRY SMALL, Warden,<br><br>        Respondent. | NO. CV 08-8183-VAP(E)<br><br>REPORT AND RECOMMENDATION OF<br><br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on December 11, 2008, accompanied by an attached typewritten Memorandum and an attached handwritten Memorandum ("Handwritten Mem."). Respondent filed an Answer on March 6, 2009,

1  alleging that the Petition is untimely. Petitioner did not file a
2  timely Reply. On May 20, 2008, the Magistrate Judge issued a Report
3  and Recommendation recommending denial and dismissal of the Petition
4  without prejudice for failure to prosecute.

6  On June 23, 2009, Petitioner filed a "Motion for
7  Reconsideration." On June 29, 2009, the Magistrate Judge withdrew the
8  Report and Recommendation and granted Petitioner an additional twenty
9  days within which to file a Reply. On July 17, 2009, Petitioner filed
10 a one-page Traverse stating simply that Petitioner realleged the facts
11 contained in the Petition and denied the facts contained in the
12 Answer, and that "Petitioner's constitutional rights are being
13 violated."

**BACKGROUND**

17 In 2001, a jury found Petitioner guilty of battery with serious
18 bodily injury in violation of California Penal Code section 243(d)
19 (Respondent's Lodgment A). The court found true the allegations that
20 Petitioner previously had suffered four serious felony convictions
21 qualifying as strikes under California's Three Strikes Law, California
22 Penal Code sections 667(b) - (i) and sections 1170.12(a) - (d)
23 (Respondent's Lodgment B; see People v. Thomas, 2002 WL 1023498, at *1
24 (Cal. Ct. App. 2d Dist. May 22, 2002). On July 20, 2001, the court
25 sentenced Petitioner to a term of twenty-five years to life
26 (Respondent's Lodgment B).
27 ///
28 ///

The Court of Appeal affirmed the judgment on May 22, 2002 (Respondent's Lodgment C; see People v. Thomas, 2002 WL 1023498 (Cal. Ct. App. 2d Dist. May 22, 2002)). Petitioner did not file a petition for review in the California Supreme Court (Petition, p. 5).

Petitioner did not file any collateral challenge in state court until November 15, 2007, when Petitioner filed a habeas corpus petition in the California Supreme Court.[1] On April 30, 2008, the California Supreme Court denied the petition with citations.

On May 30, 2008, Petitioner filed a second habeas petition in the California Supreme Court (Respondent's Lodgment D). On October 28, 2008, the California Supreme Court denied the second petition with citations to In re Robbins, 18 Cal. 4th 770, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998), and In re Clark, 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509, 855 P.2d 729 (1993), signifying that the petition was untimely (Respondent's Lodgment E).

**PETITIONER'S CONTENTIONS**

Petitioner contends:

---

[1] Although the record does not contain this petition or the California Supreme Court's denial order, the Court takes judicial notice of the docket in In re Raynould Thomas, California Supreme Court case number S158233, available on the California courts' website at www.courtinfo.ca.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). For purposes of the following discussion, the Court assumes arguendo that this California Supreme Court petition challenged the conviction which is the subject of the present Petition.

1. Petitioner's trial counsel allegedly created a "conflict of interest" in various ways, including: (a) inadequately representing Petitioner at the court trial of the prior conviction allegations; (b) coercing Petitioner to waive Petitioner's statutory right to a jury trial of the prior conviction allegations; (c) failing to review the probation report; (d) failing to disclose the contents of the Presentence Investigation Report and to advise Petitioner to give an interview to the probation officer; (e) failing to file timely motions, prepare a defense and present mitigating evidence at sentencing; and (f) arriving late at, and unprepared for, sentencing, assertedly due to counsel's involvement in other cases (Ground One);

2. The prosecutor allegedly breached Petitioner's prior plea bargain agreements by prosecuting Petitioner under the Three Strikes Law (Ground Two); and

3. The trial court allegedly abused its discretion by: (a) failing to order a current supplemental Presentence Investigation Report; (b) conducting a sentencing hearing with asserted knowledge of Petitioner's counsel's purported conflict of interest; (c) using two of Petitioner's prior convictions to impose a Three Strikes sentence; and (d) sentencing Petitioner in alleged violation of Petitioner's prior plea agreements (Grounds One, Three).

**DISCUSSION**

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section

2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner did not file a petition for review in the California Supreme Court, Petitioner's conviction became final on July 1, 2002, forty days from the date the Court of Appeal filed its decision on May 22, 2002. See <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir. 2008). Therefore the statute of limitations commenced running on July 2, 2002, unless subsections B, C or D of 28 U.S.C. section 2244(d)(1) apply in the present case. See 28 U.S.C. § 2244(d)(1)(A); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347-48 (8th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1187 (1999); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000) (AEDPA statute of limitations is not tolled between the conviction's finality and the filing of the first state collateral challenge).

Section 2244(d)(1)(B) is inapplicable. Petitioner has failed to show that illegal conduct by the state or those acting for the state "made it impossible for him to file a timely § 2254 petition in federal court." <u>Ramirez v. Yates</u>, ___ F.3d ___, 2009 WL 1976059, at *6 (9th Cir. July 10, 2009).

Subsection C of section 2244(d)(1) also does not apply. Petitioner does not assert any claim based on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See <u>Dodd v. United States</u>, 545 U.S. 353, 360 (2005) (construing identical language in section

2255 as expressing "clear" congressional intent that delayed accrual inapplicable unless the United States Supreme Court itself has made the new rule retroactive); Tyler v. Cain, 533 U.S. 656, 664-68 (2001) (for purposes of second or successive motions under 28 U.S.C. section 2255, a new rule is made retroactive to cases on collateral review only if the Supreme Court itself holds the new rule to be retroactive); Peterson v. Cain, 302 F.3d 508, 511-15 (5th Cir. 2002), cert. denied, 537 U.S. 1118 (2003) (applying anti-retroactivity principles of Teague v. Lane, 489 U.S. 288 (1989), to analysis of delayed accrual rule contained in 28 U.S.C. section 2244(d)(1)(C)).

Petitioner does not argue, and the record does not show, that section 2244(d)(1)(D) furnishes an accrual date later than July 2, 2002 for Petitioner's claims. Petitioner plainly knew or should have known, by July 2, 2002, the "important facts" on which he bases his present claims. Under section 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation and internal quotations omitted); see United States v. Pollard, 416 F.3d 48, 55 (D.D.C. 2005), cert. denied, 547 U.S. 1021 (2006) (habeas petitioner's alleged "ignorance of the law until an illuminating conversation with an attorney or fellow prisoner" does not satisfy the requirements of section 2244(b)(1)(D)).

Therefore, the statute began running on July 2, 2002. Even assuming arguendo that Petitioner filed the present Petition on its

signature date, December 6, 2008,[2] the Petition was over four and a half years late. Absent tolling, the Petition is untimely.

Section 2244(d)(2) tolls the statute during the pendency of "a properly filed application for State post-conviction or other collateral review." Such tolling is unavailable in the present case because years elapsed between the finality of Petitioner's conviction on July 1, 2002 and the filing of Petitioner's first state court petition for collateral review on November 15, 2007. The filing of a state petition after the expiration of the statute does not revive or otherwise toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003) (filing of state habeas petition "well after the AEDPA statute of limitations ended" does not affect the limitations bar); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000) ("[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); see also Nino v. Galaza, 183 F.3d at 1006 (statute of limitations is not tolled between conviction's finality and the filing of the first state collateral challenge). Therefore, statutory tolling does not rescue the Petition from the bar

---

[2] See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214 (2002) (prisoner's petition is deemed filed when presented to prison authorities for mailing to federal court).

of limitations.

The Ninth Circuit permits equitable tolling of the statute of limitations "if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming, without deciding, that equitable tolling could apply to habeas statute of limitations set forth in 28 U.S.C. section 2244(d)); Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) (same). The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citations and internal quotations omitted).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418 (citation omitted); see also Lawrence v. Florida, 549 U.S. at 336. Petitioner must show that the alleged "extraordinary circumstances" were the "cause of [the] untimeliness." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007) (brackets in original; quoting Spitsyn v. Moore, 345 F.3d at 799). Petitioner must show that an "external force" caused the untimeliness, rather than "oversight, miscalculation or negligence." Waldron-Ramsey v. Pacholke, 556 F.3d at 1011 (citation and internal quotations omitted).

///

Petitioner does not argue equitable tolling expressly, but does argue in another context that Petitioner is untrained in the law and lacked legal assistance or resources (Handwritten Mem., 2-6).[3] Petitioner's alleged ignorance of the law, lack of legal sophistication and lack of legal assistance or resources cannot justify equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d at 1013 n.4 ("we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling") (citation omitted); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("we now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Oetting v. Henry, 2005 WL 1555941 (E.D. Cal. June 24, 2005), adopted by, 2005 WL 2000977 (E.D. Cal. Aug. 18, 2005) ("Neither ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based. [citations].").

Petitioner's allegations of limited law library access also are insufficient. See Ramirez v. Yates, 2009 WL 1976059, at *3 ("Ordinary prison limitations on Ramirez' access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."). The document upon which Petitioner relies to support his allegations of limited law library access shows only that, as the result of an alleged race riot on September 16, 2008, prison officials assertedly limited library access for white and black inmates to inmates with approved court deadlines

---

[3] The Handwritten Memorandum does not bear page numbers. The Court has supplied sequential page numbers.

1  (Handwritten Mem., "Program Status Report" dated November 5, 2008,
2  attached thereto). However, because the AEDPA limitations period
3  expired long before September 16, 2008, the document fails to
4  demonstrate that any alleged lack of library access was the "cause of
5  [Petitioner's] untimeliness." See Roy v. Lampert, 465 F.3d at 969.[4]

7  In sum, Petitioner has failed to demonstrate an entitlement to
8  equitable tolling. The Petition is untimely.

**RECOMMENDATION**

12  For all of the foregoing reasons, IT IS RECOMMENDED that the
13  Court issue an Order: (1) approving and adopting this Report
14  and Recommendation; and (2) directing that Judgment be entered denying
15  and dismissing the Petition with prejudice.

17  Dated: July 28, 2009.

            _____/s/_____
            CHARLES F. EICK
            UNITED STATES MAGISTRATE JUDGE

---

[4] This alleged lack of adequate law library access also cannot support any delayed accrual under section 2244(d)(1)(B). See Ramirez v. Yates, 2009 WL 1976059, at *6 (noting that such a contention "must satisfy a far higher bar than for equitable tolling").

11

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.